UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED PRODUCT SOLUTIONS, LIMITED,** | ) ) | **CASE NO. 5:10CV01718** |
| PLAINTIFF, | ) ) | **JUDGE SARA LIOI** |
| vs. | ) ) ) | **MEMORANDUM OPINION** |
| **TARA TOY CORP.,** | ) ) ) ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of Defendant Tara Toy Corporation (Tara) to dismiss the complaint of Plaintiff Unique Product Solutions, Limited (UPS) for failure to effect service within 120 days of filing its complaint as required by Fed. R. Civ. P. 4(m). (Motion to Dismiss, Doc. No. 12.) UPS opposes the motion, and alternatively moves for additional time in which to serve Tara.[1] (Combined Opposition Brief and Motion for Additional Time, Doc. No. 19.) For the reasons stated herein, Defendant Tara's motion to dismiss is **GRANTED**.

**Background**

This litigation arises out of UPS's *qui tam* action against Tara and Patch Products, Inc. (Patch) for alleged false patent marking in violation of 35 U.S.C. § 292. (Complaint, Doc. No. 1.) Neither Tara nor Patch consented to waiver of service under

---

[1] Plaintiff's motion for additional time is moot. As set forth below, UPS did eventually serve Tara, albeit beyond the 120-day period set forth in Fed. R. Civ. P. 4(m).

Fed. R. Civ. P. 4(d). (*See* Doc. No. 12-1, Decl. of Melinda S. Giftos at ¶¶ 2-3.) On November 29, 2010, UPS attempted to serve Tara and Patch by sending attorney Eugenia G. Carter (Carter) a copy of the summons and complaint via Federal Express. (Doc. No. 12 at 1; Giftos Decl. at ¶ 3, Ex. 1; Doc. No. 19-1, Aff. of David Hrina at ¶ 7; *see also* Proof of Service of Complaint and Summons, Doc. No. 5.) On November 30, 2010, UPS filed a Proof of Service with the Court regarding the November 29, 2010 attempted service. (Doc. No. 5.) The 120 day deadline for timely service under Rule 4(m) expired on December 3, 2010. At no time did UPS seek an extension of the deadline.

Plaintiff maintains that, upon receiving a copy of the complaint and summons, attorney Giftos contacted Plaintiff's counsel and advised him that she represented Patch Products. (*See* Hrina Aff. at ¶ 8.) By this representation, Plaintiff's counsel presumed that attorney Giftos' firm did not represent Tara. (*Id.*) Plaintiff's counsel subsequently sent a copy of the summons and complaint, via Certified Mail, to a New York address believed to be Tara's corporate address. (*Id.* at ¶ 9.) The return receipt indicates that the summons and complaint were received on December 23, 2010. (Doc. No. 19-2.)

On January 6, 2011, UPS mailed the summons and complaint directly to Tara's business address via certified, U.S. mail with return receipt requested, which was not accepted by Tara, and via regular U.S. mail as well. (Doc. No. 6.) On January 12, 2011, Plaintiff dismissed Patch from this action. (Doc. No. 7.)

On January 20, 2011, Tara filed the present motion to dismiss for failure to timely serve pursuant to Fed. R. Civ. P. 4(m). (Doc. No. 12.) Tara filed a virtually

2

identical motion to dismiss under Fed. R. Civ. P. 12(b)(5), for want of service of process, on February 10, 2011. (Doc. No. 22.)

## I. Defendant's Motion to Dismiss for Failure to Timely Serve

*Rules 4(m) and 4(h)*

Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In serving a corporation, the Federal Rules of Civil Procedure require a party to *deliver* a copy of the summons and complaint to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). The term "deliver" in this context does not include service by mail. *Spears v. Kroger, Co.*, No. 1:05CV2832, 2006 WL 2044986, at *2 (N.D. Ohio July 19, 2006) (citing *Taylor v. Stanley Works*, No. 4:01CV120, 2002 WL 32058966, at *4 (E.D. Tenn. July 16, 2002)). Instead, "[p]laintiffs are required to deliver the complaint and summons personally to a corporate officer or agent authorized to receive service on the corporation's behalf." *Taylor*, 2002 WL 32058966, at *4.

As an alternative to Fed. R. Civ. P. 4(m), Fed. R. Civ. P. 4(h) allows service to be effected upon a corporation pursuant to the law of the state in which the district court is located. Here, Ohio R. Civ. P. 4.2(F) provides that service of process upon a corporation may be effected by certified or express mail at any of its usual places

3

of business. The Ohio Supreme Court has held that "service upon a corporation by certified mail is effective even if not specifically addressed to an officer or agent of that corporation." *Spears*, 2006 WL 2044986, at *2 (citing *Samson Sales, Inc. v. Honeywell, Inc.*, 66 Ohio St. 2d 290, 292 (1981)).

Here, UPS had the option to either directly serve an agent of Tara pursuant to Fed. R. Civ. P. 4(h)(1), or to mail service directly to Tara at its usual place of business by certified mail pursuant to Ohio R. Civ. P. 4.2 (F) as long as this was done within 120 days of filing the complaint.

If a plaintiff has not properly served the defendant within the 120 day time frame, Fed. R. Civ. P. 4(m) directs a court to undertake a two part analysis. First, the court must determine whether the plaintiff has shown good cause for its failure to effect service. If it has, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). And second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action without prejudice or (2) direct that service be effected within a specified time. *Henderson v. United States*, 517 U.S. 654, 662 (1996); *Osborne v. First Union Nat'l Bank of Del.*, 217 F.R.D. 405, 408 (S.D. Ohio 2003). The burden of establishing good cause lies with the party opposing the motion to dismiss, and necessitates a demonstration of why service was not made within the time constraints. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006).

Even absent a showing of good cause, courts have the discretion to permit late service upon a defendant pursuant to Fed. R. Civ. P 4(m). *Stafford v. Franklin County,* No. 2:04CV178, 2005 U.S. Dist. LEXIS 12740, at *9 (S.D. Ohio June 28, 2005);

4

*Nehls v. Hillsdale College,* No. 1:03CV140, 2004 U.S. Dist. LEXIS 8588, at *10 (W.D. Mich. Feb. 20, 2004); *Osborne*, 217 F.R.D. at 408.  However, while courts have the discretion to fashion an appropriate remedy for failing to effectuate service, "exercising that discretion necessarily means that relief in the form of an extension is not afforded as a matter of course, else there would be no reason to have Rule 4(m) with its time limit for service." *Turner v. Grant County Det. Ctr.*, No. 05148, 2007 WL 1433930, at *2 (E.D. Ky. May 10, 2007).

The Advisory Committee Notes to Rule 4 provide some guidance to courts to determine when to exercise this discretion in favor of extending the period for service absent good cause and cites examples of times it would be appropriate to do so, including "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4, Advisory Committee Notes (1993 Amendments).

Additionally, courts have considered other factors, including:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff ... and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process. *Kirk v. Muskingum County of Ohio*, No. 2:09CV00583, 2011 WL 1480136, at *5 (S.D. Ohio April 19, 2011).

Of course, "small errors in summons do not justify dismissal where service is in substantial compliance with Rule 4. *Id.*

*UPS Fails to Show Good Cause*

UPS fails to demonstrate good cause for failing to meet the deadline for

5

properly effectuating service in accordance with Fed. R. Civ. P. 4(m), though it contends that good cause exists due to the following factors:

(1) settlement discussions had taken place shortly after the complaint was filed;

(2) attorneys Carter's and Giftos' allegedly contradictory statements regarding which party or parties their firm represents in this lawsuit had caused UPS confusion; and

(3) Defendant Tara had received actual notice of the pendency of this lawsuit within the 120-period provided for by Rule 4(m) on multiple occasions.

The Court will address each of these contentions separately.

The existence of settlement negotiations alone is an insufficient basis for finding good cause. "There must be other indications that plaintiff acted reasonably and diligently during the 120-day period." *Sprader v. Goodson,* No. C200946, 2001 WL 506528, at *4 (S.D. Ohio April 17, 2001). In *Sprader,* plaintiff made service contingent upon the failure of a settlement agreement, and, like UPS, settlement talks fell through after the deadline for service had expired. The court in *Sprader* found that "good cause will not be found, despite settlement efforts, where no extension application is made before expiration of the time period for service." *Id.* at *10 (internal citation omitted). The Court finds *Sprader* persuasive. UPS has not demonstrated that it acted reasonably and diligently during the 120 day period, which could have been established by seeking additional time in which to perfect service before the expiration of the time period for service.

Further, UPS' claim that its counsel was confused and misled by the

6

representations of Tara's counsel is irrelevant given that UPS failed to effect proper service upon Tara in accordance with either Fed. R. Civ. P. 4(h) or Ohio R. Civ. P. 4.2(F)—even after learning what counsel viewed as "the truth." UPS, upon discovering that service was not properly effectuated on November 29, 2010, days before the expiration of 120-day service period, waited until January 6, 2011, *over a month later*, to properly effect service upon Tara.

Of course, assuming that Plaintiff's counsel was misled by Tara's counsel's comment as to representation and that UPS, in good faith, sent service to attorneys Carter and Giftos, service would still not have been proper. Even where "an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service." *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997). There are no rules of law to support UPS effecting service directly upon an attorney of a corporation that is not authorized to accept service of process for his client and thus, such service is ineffective. *See Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990); *see also Ransom v. Brennan*, 437 F.2d 513, 518-519 (5th Cir. 1971) (holding that "service of process is not effectual on an attorney solely by reason of his capacity as attorney").

Proper service upon a corporation, pursuant to Fed. R. Civ. P. 4(h), is effected in the manner prescribed for service on individuals in Fed. R. Civ. P. 4(e)(1), or by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process" on behalf of the corporation. Additionally, service may also be effected pursuant

7

to the law of the state in which the federal district court is located or the state in which service is effected. Fed. R. Civ. P. 4(h). Consequently, this Court will examine Ohio law governing service of process on corporations.

Ohio R. Civ. P 4.2(F) provides that service of process shall be made upon a corporation "by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation by certified or express mail at any of its usual places of business; or by serving an officer or a managing or general agent of the corporation."

There is no probative proof by UPS in the record showing that either attorney was an "agent authorized by appointment or by law to receive service of process" or "an officer or a managing or general agent of the corporation" to receive process for Tara. Therefore, UPS did not timely comply with Rule 4(m), and has not otherwise met its burden in establishing "good cause" for its untimely service upon Tara.

*The Court Will Not Exercise Its Discretion in Favor of Extending Time of Service for UPS*

In support of its position that the Court should exercise its discretion and extend the time to effect service, UPS underscores the fact that Tara received actual notice of the pendency of the lawsuit within the 120-period provided for by Rule 4(m) on multiple occasions. However, simply because a court has the authority to extend the time for service upon a defendant does not mean it should exercise this discretion. *Elec. Workers Local 58 Pension Trust Fund v. Rite Elec. Co.*, No. 10CV11815, 2010 WL 4683883, at *3 (E.D. Mich. Nov. 10, 2010).

In cases where district courts, absent good cause, have used their

discretion to extend the time for serving the defendant, there generally exist good reasons for doing so. In *Wise v. Department of Defense*, for example, the district court extended the time for service given that:

> (1) there was only a small period of time that had lapsed between the date of expiration of the 120-day period and the request for the extension;
> (2) there was no prejudice to the defendants, who had actual notice of the lawsuit from the time it was filed;
> (3) a dismissal without prejudice would have prejudiced the plaintiff substantially because a refiled complaint would have been time-barred;
> (4) counsel was ill during the 120-day period; and
> (5) counsel's assistant made good faith attempts to effectuate proper service before the date of expiration. 196 F.R.D 52, 57 (S.D. Ohio 1999).

All the aforementioned reasons *combined* gave the court good reason to exercise its discretion in extending the plaintiff's time to effect service.

Actual notice—standing alone—does not warrant this Court exercising its discretion to extend UPS's time of service. *Morgan v. Mortgage Elec. Registration Sys.*, No. 08-12236, 2009 WL 1346260, at *1 (E.D. Mich. May 4, 2009) (citing *Slenzka v. Landstar Ranger Inc.*, 204 F.R.D. 322, 324 (E.D. Mich. 2001)). UPS filed proper service over a month after the deadline had expired and did not consider applying for an extension until nearly two months after the date of deadline expiring when it asked for a "retroactive extension."

Courts have held that that an extension of time to effectuate service would be warranted if a later action would be time-barred and the defendant had actual notice of the lawsuit before expiration of the 120-day period. *See, e.g., Vergis v. Grand Victoria Casino & Resorts*, 199 F.R.D. 216, 217 (S.D. Ohio 2000) (citing Advisory Committee Notes to 1993 Amendments). In fact, courts have found this factor "to be of nearly

9

dispositive weight given that the Advisory Committee Note for the 1993 amendments provides, as one example of when a court should excuse non-compliance with the Rule absent good cause, a situation where the statute of limitations would bar a refiled action." *Elec. Workers,* 2010 WL 4683883, at *3. However, here, there is no evidence that a dismissal without prejudice would substantially prejudice UPS because a refiled complaint would not be time-barred.

False marking claims under 35 U.S.C. § 292 are subject to the five-year limitations period prescribed by 28 U.S.C. § 2462. *Arcadia Mach & Tool Inc. v. Sturm, Ruger & Co., Inc.,* 786 F.2d 1124, 1125 (Fed. Cir. 1986). The earliest claims of false marking occurred on July 22, 2010. (Compl. at ¶ 35, Doc. No. 1.) Further, new claims for false marking accrue and reset the limitations period each time an article is falsely marked, and UPS alleges that Tara continues to falsely mark the product at issue. (*Id.*) *Serus Innovative Accessories, Inc. v. Cabela's Inc.*, No. 09-CV-102 H(WMC), 2010 WL 6675046, at *2 (S.D. Cal. April 20, 2010). Thus, an extension of UPS's time to effectuate service is not warranted here since an action by UPS would not be time-barred.

*Conclusion as to Defendant's Motion to Dismiss*

UPS had 120 days within which to effectuate service upon Tara, or to at least request an extension if it was unable to do so within that time frame—it failed to do either. It was only after the settlement discussions fell through that UPS perfected its service in accordance with Fed. R. Civ. P. 4 when it sent Tara the service summons and complaint directly to its business address via certified mail. This service was untimely and the Court declines to exercise its discretion to extend the time for service.

## II. Other Pending Motions

Shortly after Tara filed its motion to dismiss for failure to timely serve, it filed a second, virtually identical motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(5), for want of service of process. (Doc. No. 22.) In light of the Court's ruling on Tara's initial motion to dismiss, this second motion is **DENIED** as moot.

Also pending is Tara's motion, filed under Fed. R. Civ. P. 11, for sanctions. (Doc. No. 26.) According to the motion, before the present lawsuit was filed, a Pennsylvania corporation filed a nearly identical lawsuit in the Western District of Pennsylvania against Patch for falsely marking the Wooly Willy product, the same product at issue in the present litigation. On December 13, 2010, the United States consented to and accepted full payment for settlement of all claims relating to the alleged false marking of the product that is at the heart of the present lawsuit, including any claims against any of Patch's licensees. While there appears to be some dispute, Tara insists that it is a licensee of Patch. Tara contends that, in light of the settlement in the Pennsylvania action, UPS's decision to continue to pursue the present litigation is sanctionable. UPS opposes the motion for sanctions, insisting that it is not foreclosed by the Pennsylvania settlement from pursuing damages against Tara.

To rule on Tara's motion for sanctions, the Court must reach the merits of the underlying litigation. Currently, the Court, however, lacks personal jurisdiction over Tara, and Tara has specifically refused to waive service of process. (Doc. No. 12-1.) *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a […] court may exercise personal jurisdiction over a defendant, the procedural requirement of

service of summons must be satisfied.") As such, the Court declines to reach the merits of the motion for sanctions. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant."); *see, e.g., Fischer v. Mtg. Elec. Reg. Sys., Inc.,* No. 07CV2254, 2010 U.S. Dist. LEXIS 85020 (D. Minn. July 30, 2010), *adopted by, complaint dismissed at*, 2010 U.S. Dist. LEXIS 85015 (D. Minn. Aug. 18, 2010) (refusal to reach Rule 12(b)(6) motion following a determination that dismissal without prejudice was proper under Rule 12(b)(5)).

Such a decision comports with the purpose of Rule 11. While the imposition of sanctions under Rule 11 might serve to compensate Tara for the limited litigation expenses it has incurred to date, the primary purpose of the rule is to "deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4); *see also* Advisory Committee Notes to the 1993 amendments ("[T]he purpose of Rule 11 sanctions is to deter rather than to compensate.") As one district court recently observed in refusing to consider a motion for sanctions following a voluntary dismissal:

> '[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus […] streamline the administration and procedure of the federal courts.' *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 3844, 393, 110 L. Ed. 359 (1990). As such, it is important to ensure that, 'efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions.' Advisory Committee Notes to the 1983 amendments. Even assuming that there was never a tenable basis for any of the claims made in the complaint in this action, the efficacy of, and necessity for, sanctions as a deterrent is minimal, and does not warrant expending the judicial and

party resources that deciding the motions would require.

*McComas v. Wallace*, No. C 10-2622, 2011 U.S. Dist. LEXIS 38623, at *6-*7 (N.D. Cal. Mar. 30, 2011).

Here, the cost of "satellite litigation over the imposition of sanctions," which would significantly outweigh the cost of litigation of an action in its infancy (especially if discovery and additional briefing is needed before the Court may resolve the Rule 11 motion), cannot be justified. Further, given the fact that the basis for the motion did not present itself until after the present action was filed, the Court finds that the deterrent effect of any sanctions would be minimal. The Court, therefore, declines to reach the merits of the motion for sanctions.[2]

**Conclusion**

For the foregoing reasons, Tara's motion to dismiss for failure to effectuate service (Doc. No. 12) is **GRANTED,** and Tara's second motion to dismiss (Doc. No. 22) is **DENIED** as moot. All claims against Defendant Tara are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: August 12, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Also pending before the Court is Plaintiff's motion to stay. (Doc. No. 25.) Plaintiff seeks a stay based upon the recent decision by the Honorable Dan Aaron Polster, finding unconstitutional the *qui tam* provision in 35 U.S.C. § 292(b). *See Unique Product Solutions, Ltd. v. Hy-Grade Valve, Inc.*, 5:10CV1912 (March 14, 2011 Memorandum of Opinion and Order, Doc. No 21.) However, the constitutionality of this statutory provision is not presently before this Court.